UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE LEWIS,

                Plaintiff,

          -against-

GREYHOUND LINES, INC.,

                Defendants.

25-CV-9620 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but his responses are insufficient for the Court to determine that he is unable to pay the filing fees. Plaintiff alleges that he is "currently out of work due to injury and not receiving any income at the moment." (ECF 3 at 1.) He further indicates that he has not received income from any source over the past 12 months, has "$0.00" in any account, and he responded "N/A" when asked to describe any assets. (*Id.* at 1-2.) According to Plaintiff, he is "behind" on his monthly expenses ($398 in loan payments, $250 in utility costs, and $1,200 in child support) (*Id.* at 2). Because Plaintiff did not provide answers to several questions on the IFP application, including the question asking how he is paying his living expenses without any source of income, the Court is unable to conclude at this time that he is unable to afford the filing fees.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP

application, it should be labeled with docket number 25-CV-9620 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. Plaintiff should answer all applicable questions on the application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. Nor will the Court address Plaintiff's various motions, including his motion for preliminary injunctive relief, until Plaintiff pays the filing fees for submits an IFP application demonstrating that he cannot pay the filing fees.[1] If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 2, 2025
         New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

---

[1] The Court notes that, after Plaintiff filed the complaint in this action, he filed a "motion to seal" this case. (ECF 8.) Until the Court can address Plaintiff's motion, the Court has directed the Clerk of Court to restrict access to the electronic docket in this action to a "case participant-only" basis.